UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STACEY RENARD HOWARD | CIVIL ACTION |
| VERSUS | NO. 19-0758 |
| DEPARTMENT OF PROBATION & PAROLE AMITE DISTRICT, ET AL. | SECTION "I"(4) |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.  Factual Background**

The plaintiff, Stacey Renard Howard ("Howard"), was an inmate housed in the Tangipahoa Parish Jail at the time of the filing of this civil action.[1]  Howard filed this *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983 against the defendants, Parole Officer, Kimberly Miller and the Amite District Office of the Louisiana Department of Probation and Parole, asserting that he was held in jail beyond his sentence from the revocation of his parole.  Howard sought monetary compensation for his continued incarceration and pain and suffering.

**II.  Standard of Review under Fed. R. Civ. P. 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with

---

[1] Rec. Doc. No. 3.

the Federal Rules of Civil Procedure or any order of the court.  A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b).  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See*, *e.g.*, *Markwell v. Cty. of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

Howard is proceeding without counsel and is responsible for the prosecution of his case.  A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law.  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Sol. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance."  *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

### III.   Analysis

The Court scheduled a hearing by telephone with Howard for April 10, 2019, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).[2]  Upon contacting the jail for the hearing, the Court was advised that Howard was no longer in that facility.  Upon review, the Court's record also indicated that mail sent to Howard at the Tangipahoa Parish Jail had been returned, marked "RETURN TO SENDER - INMATE NOT HERE" and noting "unable to forward."[3]

---

[2] Rec. Doc. No. 7.
[3] Rec. Doc. Nos. 9, 10.

The Court issued a Show Cause Order for Howard to explain in writing why the case should not be dismissed with prejudice for his failure to prosecute and failure to inform the Court of his current address as required by L.R. 41.3.1 and the Plaintiff's Declaration on page five, paragraph VI of the Complaint.[4]  At the Court's instruction, the Clerk of Court mailed copies of the Show Cause Order to Howard at his address of record and at a private address he provided in his Complaint: 13603 Lewis Lane, Independence, Louisiana, 70443.  The envelopes both were returned marked as undeliverable.  The envelope sent to Howard at the prison bore the notation "Not here - Return to Sender."[5]  The envelope sent to the private address was stamped "RETURN TO SENDER - NO MAIL RECEPTACLE - UNABLE TO FORWARD."[6]

On August 6, 2019, a member of the Court's staff accessed the Louisiana Department of Corrections ("DOC") automated offender locator system and was advised that Howard was released to the supervision of the Amite District Probation Office.  No address was provided through the DOC system.

All litigants are obligated to keep the Court advised of any address change.  Local Rules 11.1 and 41.3.1.  Howard was made aware of his obligation to do so in the Plaintiff's Declaration he signed on February 5, 2019.[7]  Howard has not contacted the Court or notified the Court that he was released from jail or that his address has changed.  The private address he provided is not a proper mailing address.  Howard's failure to notify or contact the Court has prevented the case from moving forward.  Dismissal with prejudice is proper under these circumstances pursuant to Fed. R. Civ. P. 41(b) for Howard's failure to prosecute.

---

[4] Rec. Doc. No. 11.

[5] Rec. Doc. No. 13.

[6] Rec. Doc. No. 12.

[7] Rec. Doc. No. 3, p. 5, ¶VI.

## IV. Recommendation

It is therefore **RECOMMENDED** that Howard's § 1983 complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[8]

New Orleans, Louisiana, this 9th day of August, 2019.

*[signature]*
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

**CLERK TO NOTIFY PLAINTIFF AT**
**THE ADDRESS OF RECORD AND AT:**
**Stacey Renard Lewis**
**13603 Lewis Lane**
**Independence, LA 70443  AND**

**Stacey Renard Lewis**
**c/o Amite District Office, La. Dept. of Probation and Parole**
**1209 NW Central Avenue**
**Amite, Louisiana 70422**

---

[8]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.